UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NORCA INDUSTRIAL COMPANY, LLC and VINLONG STAINLESS STEEL (VIETNAM) COMPANY, LTD., <br><br>                           **Plaintiffs,**<br><br>    v.<br><br>UNITED STATES,<br>                           **Defendant.** | Court No. 25-00132 |

## COMPLAINT

Plaintiffs Norca Industrial Company, LLC and Vinlong Stainless Steel (Vietnam) Company, Ltd. (collectively, "Plaintiffs") commence this action against the United States and allege the following.

## Parties

1. Plaintiff Norca Industrial Company, LLC ("Norca") is a United States importer of welded stainless steel pressure pipe from Vietnam during the period of review, July 1, 2022 to June 30, 2023.

2. Plaintiff Vinlong Stainless Steel (Vietnam) Company, Ltd. ("Vinlong") is a Vietnamese producer and exporter of welded stainless steel pressure pipe during the period of review, July 1, 2022 to June 30, 2023

3. Defendant is the United States acting by and through the U.S. Department of Commerce ("Commerce").

## Jurisdiction

4. Plaintiffs bring this action under 19 U.S.C. §§ 1516(a)(2)(A)(i)(I) and (a)(2)(B)(iii) to contest the final results in Commerce's administrative review of the antidumping

1

duty order on welded stainless steel pressure pipe from the Socialist Republic of Vietnam. *See Welded Stainless Steel Pressure Pipe from the Socialist Republic of Vietnam: Final Results of Antidumping Duty Administrative Review; 2022-2023*, 90 Fed. Reg. 22060 (Commerce May 23, 2025), adopting *Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Welded Stainless Steel Pressure Pipe from the Socialist Republic of Vietnam; 2023-2023*.

5.  This Court has jurisdiction over this action under 28 U.S.C. § 1581(c).

### Standing

6.  Plaintif Norca is a U.S. importer of subject merchandise produced by both Vinlong and Sonha SSP Vietnam Sole Member Company Limited ("Sonha SSP"), who, as to both Vinlong and Sonha SSP dumping margins, participated in the administrative review resulting in the contested determination and thus is an interested party within the meaning of 19 U.S.C. § 1516a(f)(3) and 19 U.S.C. § 1677(9)(A).

7.  Plaintiff Vinlong is a foreign producer and exporter of subject merchandise that participated in the administrative review resulting in the contested determination and thus is an interested party within the meaning of 19 U.S.C. § 1516a(f)(3) and 19 U.S.C. § 1677(9)(A).

8.  Because Commerce's final results overstated Vinlong's antidumping duty margin (and the dumping margin of the other Vietnamese producer and exporter, Sonha SSP), Plaintiffs have been adversely affected or aggrieved by agency action within the meaning of Section 702 of Title 5 of the United States Code, and thus have standing to bring this action under 28 U.S.C. § 2631(c).

**Timeliness**

9. The Department published notice of the *Final Results* in the *Federal Register* on May 23, 2025.

10. Plaintiffs filed a summons instituting this action on June 20, 2025, which is within 30 days of said publication, serving notice of the action on all other participants in the investigation on the same date.

11. Plaintiffs file this complaint on July 16, 2025, which is within 30 days of filing the summons.

12. Plaintiffs thus commenced this action within the time limits specified in 19 U.S.C. § 1561a(a)(2)(A), 28 U.S.C. § 2636(c), and USCIT Rule 3.

**Facts**

13. The antidumping duty order at issue covers welded stainless steel pressure pipe.

14. On September 11, 2023, Commerce initiated an administrative review of the antidumping duty order at issue covering the period of review of July 1, 2022 through June 30, 2023 ("POR"). *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 62322 (Commerce Sept. 11, 2023).

15. On November 27, 2023, Commerce selected Sonha SSP and Vinlong as mandatory respondents for individual examination.

16. Both Sonha SSP and Vinlong timely responded to Commerce's initial and supplemental questionnaires.

17. When evaluating imports from a non-market economy ("NME"), like Vietnam, Commerce generally evaluates an NME producer's factors of production ("FOP") using data from a surrogate market economy country.

18. In selecting a surrogate country, section 773(c)(4) of the Tariff Act of 1930 requires that Commerce utilize, to the extent possible, the prices and overheads/profits as to the FOPs in one or more market economies that are: (1) at a level of economic development comparable to that of the NME country; and (2) significant producers of comparable merchandise.

19. On December 13, 2023, Commerce issued its Surrogate Comments Memorandum, which identified Indonesia, Jordan, Egypt, Philippines, Morocco, and Sri Lanka as countries that are at the same level of economic development as Vietnam.

20. In its Surrogate Comments Memorandum, Commerce solicited comments from interested parties regarding the selection of a surrogate country and surrogate values.

21. Between January and July 2024, Commerce received surrogate country and surrogate value comments from petitioners, Sonha SSP, and Vinlong.

22. Petitioners advocated for Commerce to select Morocco (an allegedly significant producer of comparable merchandise) as the surrogate country while Sonha SSP and Vinlong advocated for Commerce to select Indonesia (a significant producer of identical merchandise).

23. On August 6, 2924, Commerce issued a decision memorandum ("PDM") for the preliminary results of the administrative review.

24. On August 13, 2024, Commerce published its preliminary results in the administrative review. *See Welded Stainless Steel Pressure Pipe From the Socialist Republic of Vietnam: Preliminary Results of Antidumping Duty Administrative Review; 2022-2023*, 89 Fed. Reg. 65849 (Commerce Aug. 13, 2024).

25. In its PDM, Commerce selected Morocco, instead of Indonesia, as the surrogate country and used the surrogate values petitioners provided for Morocco to value Sonha SSP's and Vinlong's respective FOPs.

26. Commerce further preliminarily determined it appropriate to base Vinlong's dumping margin on adverse facts available because Vinlong experienced difficulties with reporting a single FOP out of over twenty FOPs (i.e., yield loss) and Commerce rejected Vinlong's proposed alternative reporting methodology based on Vinlong's reported scrap production.

27. Plaintiffs timely submitted case briefs and rebuttal case briefs outlining why Commerce's surrogate country selection was in error, challenging the use of AFA to calculate Vinlong's dumping margin, and challenging Commerce's selected dumping margins.

28. On May 12, 2025, Commerce issued its *Final Results*. Commerce sustained its determination of using Morocco as the surrogate country, continued to apply total AFA to Vinlong, and continued to assign a dumping margin of 144.59 percent to both Sonha SSP and Vinlong.

## COUNT I

29. Plaintiffs incorporate the allegations in the previous paragraphs.

30. Commerce's selection of Morocco instead of Indonesia as the surrogate country in this administrative review is unsupported by substantial evidence and otherwise not in accordance with law because, among other things: (1) Morocco is not a significant producer of identical or comparable merchandise whereas Indonesia is a significant producer of identical merchandise; (2) Indonesia surrogate values are more product-specific than Moroccan surrogate values; (3) Indonesia financial statements are usable whereas those of Morocco are not; and (4)

the Indonesian pipe market is free of government distortion unlike the pipe market in Morocco that is distorted by government action. *See* 19 U.S.C. §1516a(b)(1)(B)(i) (the Court shall hold unlawful Department decisions that are unsupported by substantial evidence or otherwise not in accordance with law).

## COUNT II

31.  Plaintiffs incorporate the allegations in paragraphs 1-10.

32.  Commerce's decision to disregard all Vinlong's FOPs because of the company's difficulty with reporting yield loss, Commerce's rejection of the alternative scrap method for valuing yield loss, and Commerce's application of total AFA against Vinlong is unsupported by substantial evidence and otherwise not in accordance with law. *See* 19 U.S.C. §1516a(b)(1)(B)(i) (the Court shall hold unlawful Commerce decisions that are unsupported by substantial evidence or otherwise not in accordance with law).

## Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against the Defendant and:

(1)  Find and declare that Commerce's selection of Morocco instead of Indonesia as the surrogate country is unsupported by substantial evidence and otherwise not in accordance with law;

(2)  Find and declare that Commerce's application of total AFA to Vinlong, and its disregard of all Vinlong FOPs and rejection of the alternative methodology for the yield loss FOP is unsupported by substantial evidence and otherwise not in accordance with law;

(3)  Reject and vacate Commerce's *Final Results*;

(4)	Remand to Commerce with instructions to recalculate Sonha SSP's and Vinlong's dumping margins in a manner consistent with this Court's decision; and

(5)	Grant Plaintiffs such other relief as the Court may deem appropriate.

Dated: July 14, 2025

>	Respectfully submitted,
>
>	/s/ Jeremy W. Dutra
>	Peter Koenig
>	peter.koenig@squirepb.com
>	Jeremy W. Dutra
>	jeremy.dutra@squirepb.com
>	SQUIRE PATTON BOGGS (US) LLP
>	2550 M Street, NW
>	Washington, DC 20037
>	Tel: (202) 457-6000
>	Fax: (202) 626-6780
>
>	*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on July 14, 2025, he caused the foregoing complaint to be served by registered mail, return receipt requested on the following:

<u>On behalf of the Attorney General</u>:

Attorney in Charge
International Trade Field Office Department of Justice,
Civil Division Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

<u>On behalf of the U.S. Department of Commerce</u>:

General Counsel
U.S. Department of Commerce
14th Street and Constitution Avenue, NW
Washington, DC 20230

<u>On behalf of Bristol Metals LLC, Felker Brothers Corporation, and Primus Pipe & Tube, Inc.</u>

Roger B. Schagrin
Schagrin Associates
900 7th Street, NW, Suite 500
Washington, DC 20001

/s/ Jeremy W. Dutra